**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

OTIS HUGHES, ADC # 100835                                                                              PLAINTIFF

v.                                5:15CV00311-JLH

KEITH CONNELL, Police Chief,
Stuttgart Police Department; *et al.*                                    DEFENDANTS

**ORDER**

**I.**      **INTRODUCTION**

Otis Hughes ("Plaintiff") filed this section 1983 action alleging Defendants violated his rights. Document #2. After carefully screening the Complaint pursuant to 28 U.S.C. § 1915A(a), the Court finds Plaintiff has failed to state any claim upon which relief may be granted.

**II.**      **ANALYSIS**

Plaintiff alleges Defendant Doe, a patrol officer, pulled him over on August 14, 2015. Document #2 at 4. He was arrested and his property (a cell phone, keys, and wallet) were confiscated. *Id*. Plaintiff says these items have not been returned to him because Defendants have misplaced them. *Id*. Plaintiff also alleges that, on the day of his arrest, Defendant Doe "assumed that [he] ate something." *Id*. He was taken to the hospital and given tests which ultimately revealed that he had not ingested anything, but Plaintiff contends the Stuttgart City Police Department has unlawfully deemed him responsible for the costs of those tests. *Id*.

Plaintiff's property claim must be dismissed because the State of Arkansas provides him with adequate state remedies for this alleged injury. *See Hudson v. Palmer*, 468 U.S. 517, 533, 104 S. Ct. 3194, 3204, 82 L. Ed. 2d 393 (1984) (holding that a negligent or intentional deprivation of property is not actionable under section 1983 if an adequate state remedy exists); *see also McQuillan v. Mercedes-Benz Credit Corp.*, 961 S.W.2d 729, 732 (Ark. 1998) (state law conversion claim is the

appropriate remedy for the wrongful possession or disposition of another's property). And Plaintiff's claims regarding his medical bills do not implicate any constitutional or federal statutory right. He does not allege these acts injured his health or otherwise violated his constitutional rights. Rather Plaintiff challenges the fact he may be required to pay for the medical tests. Document #2 at 4. As with his property claim, Plaintiff has an adequate state court remedy to seek resolution of this matter.

From a commonsense standpoint, it is understandable that Plaintiff feels wronged by these events. However, they simply fail to amount to actionable constitutional claims.

### III. CONCLUSION

IT IS, THEREFORE, ORDERED THAT:

1. Plaintiff's Complaint is DISMISSED without prejudice for failure to state a claim upon which relief may be granted. Document #2.

2. Dismissal of this action counts as a "strike" within the meaning of 28 U.S.C. § 1915(g).[1]

3. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from this Order or the accompanying Judgment would not be taken in good faith.

Dated this 6th day of October, 2015.

*J. Leon Holmes*
———————————————
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE

---

[1] Title 28 U.S.C. § 1915(g) provides that: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted . . . ."